**ZAISHENG WANG, Xue Fang Ruan, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION, Respondent.**

Nos. 04–2256–AG(L), 04–2258–AG (CON).

United States Court of Appeals, Second Circuit.

March 17, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney for the District of Maryland, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioners Zaisheng Wang ("Wang") and Xue Fang Ruan ("Ruan"), through counsel, petition for review of orders of the BIA affirming the decision of an immigration judge ("IJ") ordering their removal to China and denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

In the present case, there was substantial evidence to support the IJ's credibility determination, including: (1) Ruan's misstatement of how many children she has, compounded with the "highly suspect" birth certificate for Wang's and Ruan's purported first child, leading the IJ to doubt the child's very existence; (2) Ruan's "very vague" and inconsistent testimony with respect to her alleged abortion; (3) the fact that the petitioners sent their son, a citizen of the United States, to China in December 2001; and (4) Ruan's admitted lack of candor at her credible fear interviews. Taken together, the above points cited by the IJ provide specific, cogent reasons that bear a legitimate nexus to the adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 307.

The IJ properly denied Wang's and Ruan's claim for withholding of removal because they had not met the lower burden required for asylum. *See Zhang*, 386 F.3d at 71. Further, the IJ correctly denied their CAT claim, making a separate determination that Wang and Ruan lacked credibility and failed to satisfy the requisite standard for granting CAT relief. *See Ramsameachire*, 357 F.3d at 184–85.

For these reasons, the petition for review is DENIED. Our review having been completed, petitioners' pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).